# EXHIBIT

# A

Filing # 232996596 E-Filed 10/06/2025 12:04:04 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

**CARSON YOUNG AND VANESSA YOUNG,**

Plaintiffs,

v.

**WALMART INC.,**

Defendant.

_______________________________________/

CIVIL DIVISION

CASE NO.:

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiffs, **CARSON YOUNG AND VANESSA YOUNG**, by and through the undersigned counsel, hereby sue the Defendant, **WALMART INC.** and allege:

1. This is an action for damages which exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2. At all times material hereto, the Plaintiffs, **CARSON YOUNG AND VANESSA YOUNG**, were and are a resident of Sarasota County, Florida, and is otherwise *sui juris.*

3. At all times material hereto, the Defendant, **WALMART INC.**, was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in Sarasota, Sarasota County, Florida.

4. Venue is proper in this County in that the Defendant does business in Sarasota County, Florida, and/or all of the acts complained of herein occurred in Sarasota County, Florida.

5. That on or about May 11, 2025, the Plaintiff, **CARSON YOUNG**, was a business invitee of the Defendant, **WALMART INC.**'s premises located at 5401 Palmer Crossing Cir, Sarasota, FL 34233.

**COUNT I - NEGLIGENCE CLAIM AGAINST WALMART INC.**

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6. That at all times material hereto, and specifically on May 11, 2025, Defendant, **WALMART INC.**, owned, managed, controlled, operated, and/or maintained the premises located at 5401 Palmer Crossing Cir, Sarasota, FL 34233, in Sarasota County.

7. That on or about May 11, 2025, the Plaintiff, **CARSON YOUNG,** was lawfully in Defendant, **WALMART INC.'s** premises, when clear liquid dripping from the ceiling caused plaintiff to slip and fall.

8. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as **clear liquid** and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c. Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d. By failing to remove said **clear liquid** or other similar substance from the floor of the premises; and/or

e. By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f. Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a **clear liquid** and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11. That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12. As a direct and proximate result of the aforementioned negligence of the Defendant, **WALMART INC.**, the Plaintiff, **CARSON YOUNG**, slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **CARSON YOUNG** will suffer the losses into the future.

## COUNT II - CONSORTIUM CLAIM OF VANESSA YOUNG

13. Plaintiff, **VANESSA YOUNG** re-alleges and restates all paragragh as it fully set forth herein.

14. At all times material, Plaintiff, **VANESSA YOUNG**, was and is the lawful spouse of **CARSON YOUNG**.

15. As a direct and proximate result of the negligence of Defendant, **WALMART INC.**, Plaintiff, **VANESSA YOUNG**, has in the past, and will in the future suffer diminishment of her husband's society, companionship, support, services and consortium as well as expense of medical treatment and care for her husband.

WHEREFORE, Plaintiffs, **CARSON YOUNG AND VANESSA YOUNG**, hereby demand judgment for damages, costs and interest from the Defendant, **WALMART INC.**, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs, **CARSON YOUNG AND VANESSA YOUNG,** hereby demand trial by jury of all issues so triable as a matter of right.

Dated: October 6, 2025

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiffs
9130 S Dadeland Blvd
Miami, Florida 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: plazaro@rubensteinlaw.com
dirodriguez@rubensteinlaw.com
eservice@rubensteinlaw.com

By: */s/ Paul Lazaro*
**PAUL LAZARO**
Florida Bar No.: 11550